CLEVELAND FOUNDRY CO. et al. v. AMERICAN STOVE CO.

(Circuit Court, N. D. Ohio, E. D. April 25, 1907.)

No. 6,905.

PATENTS—INFRINGEMENT—OIL BURNER.
    The Jeavons patent, No. 475,401, for an oil burner, claim 1, was not anticipated, was the invention of the patentee, and is valid; also *held* infringed.

In Equity. On final hearing.

Bakewell & Byrnes and T. H. Bushnell, for complainants.
A. S. Pattison and T. H. Garry, for defendant.

TAYLER, District Judge. This case is before the court on final hearing. The bill of complaint charges infringement of the Jeavons patent, No. 475,401, claim 1. The answer denies the validity of the patent, and denies infringement. Several other defenses are set up, viz.: That Jeavons was not the inventor of the device; that there is no proof that the alleged infringing devices were defendant's; and that complainant is estopped from maintaining the suit.

The validity of claim 1 of this patent was passed upon by the Circuit Court of Appeals in the case of Cleveland Foundry Company et al. v. Detroit Vapor Stove Company, 131 Fed. 853, 68 C. C. A. 233. It was there held that claim 1 was not anticipated and is valid. Counsel for defendant, while admitting the conclusiveness of the decision of the Circuit Court of Appeals, insists that there is new evidence in this case showing anticipation of complainants' patent. It is enough to say in reply to this contention that the record before me does not show that

the alleged new evidence was not before the court in the former case. The question of anticipation was fully and carefully considered, the history of the art was elaborately discussed by counsel and the court, and I think it must be taken as conclusively decided, at least so far as this court is concerned, that the claim now in controversy is valid.

We come now to the question of infringement. The claim of the patent upon which this suit is based is as follows:

"A hydrocarbon-vapor burner consisting of a vapor-holder constructed for the free and uniform distribution of the vapor therein by gravity, and having a free opening for the escape of vapor, in combination with perforated combustion-walls having a flame-space between them, in communication with the said holder, substantially as described."

The defendant makes what it calls a "wickless" oil stove, in which there is an annular "burner bowl," into which oil is fed by means of a valve. Within the burner bowl and filling part of the space is a movable annular wick or lighting ring of asbestos. While called a wick, it is not a true wick, since its capillary action is slight. It serves chiefly as a convenient instrument to initiate a flame and heat up the burner trough so as to vaporize the oil as it flows into the trough. The complainants' patent covers a device wherein, in combination with the combustion walls, there is a uniform distribution of oil vapor by gravity. As a full description of the patented device appears in the opinion of Judge Swan in 131 Fed. 740, and in the opinion of the Circuit Court of Appeals at page 853 of 131 Fed., 68 C. C. A. 233, it is unnecessary to repeat it here. An examination of the testimony and of the burners exhibited on this hearing convinces me that in the patented device and in the several devices made or sold by the defendants this oil vapor, in all cases where the flame is not of maximum smokeless height, is produced at or near the point where the oil enters the trough, and from there is distributed by gravity with substantial uniformity over the whole circumference of the trough, and that the operation of these stoves, so far as regulating the flame to any height less than the maximum is concerned, is absolutely dependent upon some portion of the burner trough being oil dry, but fed by a lateral flow of oil vapor by gravity from the point where it is generated to other parts of the trough or burner ring. There is no other possible way of regulating the height of the flame, since the capillarity of the lighting ring is insufficient to convey the oil to distant points rapidly enough, and because, after the stove is once lighted, it operates satisfactorily either with a fragment of a lighting ring or with absolutely no lighting ring.

Referring to the infringing devices, it seems to be conclusively established, paraphrasing somewhat the statement of one of the expert witnesses, that the experiments show that oil vapors flow by gravity from one part of the burner trough to another part; that the partial dryness or partial wetness of the burner trough does not interfere with the uniformity of the flame; that the presence of the lighting ring does not prevent the free flow of vapor around the burner-trough by the action of gravity; and that this proof is "as satisfactory and complete as is the proof of the existence of objects detected by the senses." It also appears conclusively that no lamp whose flame cannot be controlled by the amount of oil admitted would be useful or

marketable; that, if there is no flow of vapor when the flame is at maximum height, yet there is such flow at all other times; and that it is absolutely necessary in a useful flame that it be capable of great variation in height and heat. If, therefore, there is any difference in the method of action in the patented and the infringing devices, the difference is one of degree, and not of kind.

The claim that Jeavons was not the inventor of the device is without merit. This claim is based upon the assertion that in an application in Canada, some years after the application in this country, Jeavons and one Lannert described the same device as "our invention." Jeavons testified in this case that he was the sole inventor. I quote from page 297 of complainant's record:

"This Canadian patent mentioned embodies the matter of two distinct United States patents, one of the United States patents of which I was the sole inventor being for a device of the patent in suit, the other United States patent being for a matter that was invented jointly by John A. Lannert and myself. At the time of applying for Canadian patents, we were advised by the patent attorney that it was the practice, and that it was permissible, to incorporate two or more distinct inventions in a single Canadian patent where their subject-matter was related. This was done in the case above mentioned, my understanding being that the matter covered by the Canadian patent was not a joint invention, but an invention or inventions with two inventors, and where the matter contributed by each inventor might have been invented separately and distinctly by each one."

There was no other proof on the subject, but counsel for defendant attach some probative significance to the fact that neither Lannert nor the attorney who drew up the specifications of the Canadian patent was called to testify and corroborate Jeavons. Under the state of the proof he needed no corroboration. It would be a very arbitrary exercise of power to declare that, under the circumstances as shown, Jeavons committed perjury as a witness in this case.

Nor do I find any merit in the claim of estoppel. This is a claim based on an arrangement entered into between complainant and other manufacturers of oil stoves, including the defendant, whereby authority was given by complainant to the other manufacturers to use certain patents. It is enough to say that there was a studied and explicit exclusion of this patent from the terms of the assignments and licenses under which the defendant claims the estoppel arose.

A decree may be entered in accordance with this opinion and for an accounting.